In the United States District Court
For the District of Delaware

James R. Runyon,
  Plaintiff,

v.

Atty. Gen. Joseph R. Biden III
et. al.,
  Defendants.

Civ. Act. No.: 08-029



FILED
JAN 15 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Memorandum of Law in Support of Motion for a Temporary Restraining Order and Preliminary Injunction.

STATEMENT OF THE CASE:

This is a Civil Rights Action brought under U.S.C.A. § 1983 by a state prisoner who has and still is being subjected to actions of: [Failure to Protect Plaintiff's Life and Safety], use of [Excessive Force], [Denial of Adequate Mental Health Care], [Retaliation], [Deliberate Indifference] and [Cruel and Unusual Punishment].

STATEMENT OF FACTS:

As outlined through-out complaint, stated in Declaration submitted with this Motion, the Plaintiff's life and safety have been placed in serious life threatening oppositions

where he testified against an inmate in a murder trial who is currently housed in the same nest of segregation buildings as plaintiff. Plaintiff has had a situation parallel to the many others where transcripts of the murder trial he testified in were slid under his cell door with a death threat against his life in segregation. Now there is an "immediate" neccessity to place the plaintiff in protective custody following a transfer to another facility.

The defendants whom relief is sought against for the purpose of a temporary restraining order and preliminary injunction are Atty. Gen. Joseph R. Biden III, Deputy Atty. Gen. Paul Wallace, Warden Elizabeth B. Burris, Deputy Warden David Peirce, Correctional Medical Services, Mental Health Director Stuart Stuthers, and Mental Health Unit at D.C.C.

<u>Point I</u>

<u>The plaintiff is entitled to a temporary restraining order and a preliminary injunction.</u>

In determining whether a party is entitled to a temporary restraining order and/or a preliminary injunction, the courts generally consider several factors:

A.) Whether the party will suffer irreparable injury;

B.) The "balance of hardships" between the parties;

-2-

C.) THE LIKELIHOOD OF SUCCESS ON THE MERITS. D.) AND THE PUBLIC INTEREST. EACH OF THESE FACTORS FAVORS THE GRANT OF THIS MOTION.

A. THE PLAINTIFF IS THREATENED WITH BOTH LIFE THREATENING INJURIES AND IRREPARABLE HARM.

THE PLAINTIFF ALLEGES IN THE COMPLAINT THAT ALL DEFENDANTS IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY(IES) DEPRIVED PLAINTIFF A SERIOUS AMOUNT OF NEEDS CONTRARY TO A NORMAL PRACTICE OF PROCEDURES AND LAWS.

SUCH CONDUCT BY PRISON OFFICIALS, MEDICAL PROVIDER'S AND THEIR STAFF IS A CLEAR VIOLATION OF THE EIGHTH AMENDMENT. (SEE ESTELLE V. GAMBLE (1976) 429 U.S. 97, 105, 97 S.Ct. 285 - NOTING THAT "INTENTIONALLY INTERFERING WITH THE TREATMENT ONCE PRESCRIBED" IS UNLAWFUL.).

AS A MATTER OF LAW, THE CONTINUING DEPRIVATION OF CONSTITUTIONAL RIGHTS CONSTITUTES IRREPARABLE HARM. (SEE ELROD V. BURNS (1976) 427 U.S. 347, 373, 96 S.Ct. 2673). THIS PRINCIPLE HAS BEEN IN PRISON LITIGATION, GENERALLY AND SPECIFICALLY IN PRISON MEDICAL CARE CASES. (SEE NEWSOM V. NORRIS 6th CIR. (1989) 888 F.2d 371, 378 - NOTING "PRISON LITIGATION GENERALLY".); SAME. (SEE PHILLIPS V. MICHIGAN DEPT. OF CORRECTIONS.) W.D. MICH. (1990) 731 F.Supp. 792, 801, aff'd, 6th CIR. (1991) 932 F.2d 969 - NOTING "PRISON MEDICAL CARE CASES".). FINALLY, PLAINTIFF'S LIFE IS ENDANGERED WHERE THE IRREPARABLE HARM WOULD BE THE WRONGFUL DEATH OF PLAINTIFF.

-3-

B. THE "BALANCE OF HARDSHIPS" FAVORS PLAINTIFF.

IN DECIDING TO GRANT TEMPORARY RESTRAINING ORDERS AND PRELIMINARY INJUNCTIONS, COURTS ASK WHETHER THE SUFFERING OF THE MOVING PARTY IF THE MOTION IS DENIED WILL OUTWEIGH THE SUFFERING OF THE NON-MOVING PARTY IF THE MOTION IS GRANTED. (SEE MITCHELL v. CUOMO 2nd CIR. (1984) 748 F.2d 804, 808); SAME. (SEE DURAN v. ANAYA D.N.M. (1986) 642 F.Supp. 510, 522). IN THE INSTANT CASE, THE LIKELIHOOD OF DEATH OUTWEIGHS ANY HARDSHIP THAT REALLY AMOUNTS TO BUSINESS AS USUAL FAVORS THE PLAINTIFF IN ALL RESPECTS.

C. THE PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS.

THE PLAINTIFF HAS A GREAT LIKELIHOOD OF SUCCESS ON THE MERITS. WHAT DEFENDANTS HAVE DONE -- "INTENTIONALLY INTERFERING WITH [MEDICAL] TREATMENT ONCE PRESCRIBED" -- WAS SPECIFICALLY SINGLED OUT BY THE SUPREME COURT AS AN EXAMPLE OF UNCONSTITUTIONAL STANDARDS TO PRISONERS' MEDICAL NEEDS. (SEE ESTELLE 429 U.S. at 105.). ALSO OTHER DEFENDANT'S USE OF EXCESSIVE FORCE WHERE THE PLAINTIFF HAD X-RAYS TAKEN OF HIS FACE, INCLUDED WITH A MENTAL DISORDER PLAINTIFF SUFFERS FROM WHERE DEFENDANT'S HAVE STOPPED HIS MEDICATION IN RETALIATION FOR GRIEVANCES HE FILED.

- 4 -

D. The Relief Sought Will Serve The Public Interest.

In this case, the grant of relief will serve the public interest because it is always in the public interest for state officials, prison officials and corrections medical provider to obey the law. (See Duran 642 F.Supp. at 527 - "Respect for the law, particularly by officials responsible for administration of the state's correctional system, is in itself a matter of the highest public interest."); Another statement of public interest. (See Llewelyn v. Oakland County Prosecutor's Office, E.D. Mich (1975) 402 F.Supp. 1379, 1393 -- "The Constitution is the ultimate expression of the public interest.")

Point II

The Plaintiff Should Not Be Required To Post Security

Usually, a litigant who obtains interim injunction relief is asked to post security under Rule 65(c) Fed. R. of Civ. Proc. However, the Plaintiff is an indigent prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. (See Orantes-Hernandez v. Smith C.D. Cal. (1982) 541 F.Supp. 351, 385, N. 30); Same. See J.L. v. Parham D. GA. (1976) 412 F.Supp. 112, 140).

-5-

IN VIEW OF THE [SERIOUS DANGERS] CONFRONTING THE PLAINTIFF, THE HONORABLE COURT SHOULD RESPECTFULLY GRANT THE RELIEF REQUESTED WITH-OUT REQUIRING THE POSTING OF SECURITY.

### Conclusion

FOR THE FOREGOING REASON AND AUTHORITIES, THE HONORABLE COURT SHOULD RESPECTFULLY GRANT THE MOTION IN IT'S ENTIRETY.

DATED: January 15, 2008

Respectfully submitted,

James R. Runyon

James R. Runyon
#00271554 Bldg. 17 C-L-10 (SHU)
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE. 19977

SBI# 241339   UNIT FTC-L-10
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK RD.
SMYRNA, DELAWARE 19977

$06.30
JAN 14 2008
MAILED FROM ZIP CODE 19977

Clerk of the U.S. District Court for Delaware
844 KING ST.
LOT BOX 18
WILMINGTON, DE.
                19801

PRIORITY MAIL
UNITED STATES POSTAL SERVICE
www.usps.com

Attn: (2 of 2)