(Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

(1) James R. Runyon #00271554
(Name of Plaintiff)         (Inmate Number)

Bldg. 17 SHU C-L-10

1181 Paddock Rd. Smyrna, DE. 19977
(Complete Address with zip code)

:
:
:
:
:
:                           0 8 - 2 9
:
(2) N/A                     :
(Name of Plaintiff)  (Inmate Number)  :         (Case Number)
                                      : ( to be assigned by U.S. District Court)
N/A
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

                vs.                   :     **CIVIL COMPLAINT**

(1) Atty. Gen. Joseph R. Biden III,

(2) Dep. Atty. Gen. Paul Wallace,

(3) Commissioner Carl Danberg,
(Names of Defendants) (Refer Page 5)

                                      :     • • Jury Trial Requested

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

**I.    PREVIOUS LAWSUITS**

A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

— None —

F I L E D

JAN 1 5 2008

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.   Is there a prisoner grievance procedure available at your present institution?   •✓Yes   • •No

B.   Have you fully exhausted your available administrative remedies regarding each of your present claims?   ✓Yes   • •No

C.   If your answer to "B" is Yes:

1.   What steps did you take? FILED GRIEVANCES, LETTERS AND PRESENTED EVIDENCE WHILE PUTTING ALL ON OFFICIAL NOTICE.

2.   What was the result? AUTHORITIES FAILED IN THIER OBLIGATION TO PROTECT ME UNDER THE EIGHTH AMENDMENT U.S.C.A. WHILE KEEPING MY LIFE IN IMMINENT DANGER.

D.   If your answer to "B" is No, explain why not: _____ N/A

## III.   DEFENDANTS (in order listed on the caption)

(1) Name of first defendant: ATTORNEY GENERAL JOSEPH R. BIDEN III

Employed as ATTORNEY GENERAL at STATE OF DELAWARE

Mailing address with zip code: 820 NORTH FRENCH STREET

WILMINGTON, DE. 19801

(2) Name of second defendant: DEPUTY ATTORNEY GENERAL PAUL WALLACE

Employed as DEP. ATTORNEY GENERAL at STATE OF DELAWARE

Mailing address with zip code: 820 NORTH FRENCH STREET

WILMINGTON, DE. 19801

(3) Name of third defendant: COMMISSIONER CARL DANBERG

Employed as COMMISSIONER at DE. DEP. OF CORRECTIONS (D.O.C.)

Mailing address with zip code: 245 MCKEE ROAD

DOVER, DE. 19904

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

(REFER TO PAGES 6, 7, 8.)

2

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

FAILURE TO PROTECT PLAINTIFF'S LIFE AND SAFETY:

1. ON FEBRUARY 13, 2007 PLAINTIFF INFORMED DEFENDANT(S) STAFF LT. SHEETS AND CAPTAIN BERGENN (SHEETS) (BERGENN) AT H.R.Y.C.I. THAT HE TESTIFIED AGAINST JOHN STEWART, INMATE AT DELAWARE CORRECTIONAL (D.C.C.) IN A MURDER TRIAL. DEFENDANTS STATED THAT THEY WERE ALREADY AWARE.

2. 
ON FEBRUARY 15, 2007 PLAINTIFF INFORMED DEFENDANT(S) RECEIVING ROOM STAFF AT D.C.C. ON 08:00 A.M TO 16:00 P.M. HRS. THAT HE NEEDED TO BE PLACED ON PROTECTIVE CUSTODY BECAUSE HE TESTIFIED AGAINST A PRISONER IN D.C.C. THEIR SIMPLE STATEMENT WAS YOU ARE GOING TO REGULAR SEGREGATION, FAILING TO PROTECT THE SAFETY OF PLAINTIFF.

3. 
DURING THE MONTH OF MARCH 2007, PLAINTIFF WROTE TO DEFENDANT STAFF LT. TAYLOR ABOUT BEING PLACED ON PROTECTIVE CUSTODY, SAID DEFENDANT FAILED TO PROTECT PLAINTIFFS SAFETY.    (REFER TO PAGE 9)

## V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. COMPENSATORY DAMAGES FOR EVERY DAY SPENT IN DISCIPLINARY SEGREGATION WHERE PLAINTIFF SHOULD HAVE BEEN PLACED ON PROTECTIVE CUSTODY IMMEDIATELY FOLLOWING HIS ARRIVAL AT DELAWARE CORR. CNTR. AND ULTIMATELY A TRANSFER TO ANOTHER FACILITY.

2. PUNITIVE DAMAGES FOR CAUSING SEVERE EMOTIONAL PAIN, PSYCHOLOGICAL DISTURBANCES AND SUICIDE ATTEMPTS, BY PLACING PLAINTIFF'S LIFE IN IMMINENT DANGER AND FAILING TO OBSERVE THEIR EIGHTH AMENDMENT OBLIGATION TO PROTECT PLAINTIFF'S SAFETY AND WELL BEING.

3. PRE-INJUNCTION ORDER / TEMPORARY RESTRAINING ORDER FOR ALL DEFENDANT(S) TO EITHER PLACE PLAINTIFF ON PROTECTIVE CUSTODY AND/OR TRANSFER TO ANOTHER FACILITY WITH AN ORDER IN PLAINTIFF'S FILE TO NOT PLACE HIM IN THE SAME INSTITUTION AS THE PRISONER HE TESTIFIED AGAINST, INMATE JOHN STEWART.

( REFER TO PAGE 20)

I declare under penalty of perjury that the foregoing is true and correct.



Signed this ___15th___ day of ___JANUARY___, 2 008.

_____
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4

(4) WARDEN THOMAS CARROll,

(5) WARDEN ELIZABETH B. BURRIS,

(6) DEPUTY WARDEN DAVID PIERCE,

(7) MAJOR SCARBOROUGH,

(8) INTERNAL AFFAIRS (I.A.) JOE RICHARDSON,

(9) CAPTAIN BERGREENN,

(10) STAFF LIEUTENANT TAYLOR,

(11) STAFF LIEUTENANT HAWKINS,

(12) STAFF LIEUTENANT SHEETS,

(13) LIEUTENANT SEACORD,

(14) LIEUTENANT SATTERFIELD,

(15) SERGEANT TRAVIES,

(16) CORRECTIONAL OFFICER (C/O) PIERCE,

(17) CORRECTIONAL OFFICER (C/O) PITTS,

(18) RECEIVING ROOM STAFF ON (8 a.m to 4 p.m.) 2·15·07,

(19) COUNSELOR TOM ZIANDA,

(20) COUNSELOR TOM AIELLO,

(21) COUNSELOR LINDA KEMP,

(22) CORRECTIONAL MEDICAL SERVICES (C.M.S.),

(23) MENTAL HEALTH DIRECTOR STUART STUTHERS,

(24) MENTAL HEALTH UNIT (AT D.C.C.),

(25) I.B.C.C. CLASSIFICATION BOARD MEMBERS,

DEFENDANTS.

-5-

(4) Name of Fourth Defendant: Warden Thomas Carroll,
Employed as Warden at Delaware Correctional Center
Address: 1181 Paddock Road, Smyrna, DE. 19977

(5) Name of Fifth Defendant: Warden Elizabeth B. Burris,
Employed as Warden at Delaware Correctional Center
Address: 1181 Paddock Road, Smyrna, DE. 19977

(6) Name of Sixth Defendant: Deputy Warden David Pierce,
Employed as Deputy Warden at Delaware Correctional Center
Address: 1181 Paddock Road, Smyrna, DE. 19977

(7) Name of Seventh Defendant: Major Scarborough,
Employed as Major (Security Chief) at Delaware Correctional Center
Address: 1181 Paddock Road, Smyrna, DE. 19977

(8) Name of Eighth Defendant: Internal Affairs Joe Richardson,
Employed as (I.A. Investigator) at Delaware Correctional Center
Address: 1181 Paddock Road, Smyrna, DE. 19977

(9) Name of Ninth Defendant: Captains Bergrenn,
Employed as Captain at Howard R. Young Correctional Institution
Address: 1301 East 12th Street, Wilmington, DE. 19809

(10) Name of Tenth Defendant: Staff Lieutenant Taylor,
Employed as Staff Lieutenant at Delaware Correctional Center
Address: 1181 Paddock Road, Smyrna, DE. 19977

(11) Name of Eleventh Defendant: Staff Lieutenant Hawkins,
Employed as Staff Lieutenant at Delaware Correctional Center
Address: 1181 Paddock Road, Smyrna, DE. 19977

(12) NAME OF TWELTH DEFENDANT : STAFF LIEUTENANT SHEETS,

EMPLOYED AS STAFF LIEUTENANT AT HOWARD R. YOUNG CORRECTIONAL INSTITUTE

ADDRESS: 1301 EAST 12th STREET WILMINGTON, DE. 19809

(13) NAME OF THIRTEENTH DEFENDANT : LIEUTENANT SEACORD,

EMPLOYED AS CLASSIFICATION LIEUTENANT AT DELAWARE CORRECTIONAL CENTER

ADDRESS: 1181 PADDOCK ROAD, SMYRNA, DE. 19977

(14) NAME OF FOURTEENTH DEFENDANT : LIEUTENANT SATTERFIELD,

EMPLOYED AT LIEUTENANT AT DELAWARE CORRECTIONAL CENTER

ADDRESS: 1181 PADDOCK ROAD, SMYRNA, DE. 19977

(15) NAME OF FIFTEENTH DEFENDANT : SERGEANT TRAWIES.

EMPLOYED AS SERGEANT AT DELAWARE CORRECTIONAL CENTER

ADDRESS: 1181 PADDOCK ROAD, SMYRNA, DE. 19977

(16) NAME OF SIXTEENTH DEFENDANT: CORRECTIONAL OFFICER PIERCE

EMPLOYED AS CORRECTIONAL OFFICER AT DELAWARE CORRECTIONAL CENTER

ADDRESS: 1181 PADDOCK ROAD, SMYRNA, DE. 19977

(17) NAME OF SEVENTEENTH DEFENDANT : CORRECTIONAL OFFICER PITTS

EMPLOYED AS CORRECTIONAL OFFICER AT DELAWARE CORRECTIONAL CENTER

ADDRESS: 1181 PADDOCK ROAD, SMYRNA, DE. 19977

(18) NAME OF EIGHTEENTH DEFENDANT : RECIEVING ROOM STAFF

ON DUTY AT DELAWARE CORRECTIONAL CENTER DURING THE

08:00 a.m to 16:00 p.m. HOUR/SHIFT ON FEBRUARY 15, 2007

EMPLOYED AS VARIOUS TITLES AT DELAWARE CORRECTIONAL CENTER

ADDRESS: 1181 PADDOCK ROAD, SMYRNA, DE. 19977

(19) NAME OF NINETEENTH DEFENDANT: COUNSELOR TOM ZANDA,

EMPLOYED AS COUNSELOR AT DELAWARE CORRECTIONAL CENTER

ADDRESS: 1181 PADDOCK ROAD, SMYRNA, DE. 19977

(20) NAME OF TWENTIETH DEFENDANT: COUNSELOR TOM AIELLO

EMPLOYED AS COUNSELOR AT DELAWARE CORRECTIONAL CENTER

ADDRESS: 1181 PADDOCK ROAD, SMYRNA, DE. 19977

(21) NAME OF TWENTY-FIRST DEFENDANT: Sr. COUNSELOR LINDA KEMP

EMPLOYED AS SENIOR COUNSELOR AT DELAWARE CORRECTIONAL CENTER

ADDRESS: 1181 PADDOCK ROAD, SMYRNA, DE. 19977

(22) NAME OF TWENTY-SECOND DEFENDANT: CORRECTIONAL MEDICAL SERVICES

EMPLOYED AS HEALTH CARE MEDICAL PROVIDER AT DELAWARE

DEPARTMENT OF CORRECTIONS, DELAWARE CORRECTIONAL CENTER

ADDRESS: 1201 COLLEGE PARK DRIVE, SUITE 101, DOVER, DE. 19904

(23) NAME OF TWENTY-THIRD DEFENDANT: MENTAL HEALTH DIRECTOR

STUART STUTHERS

EMPLOYED AS DIRECTOR OF MENTAL HEALTH AT DELAWARE CORRECTIONAL

CENTER

ADDRESS: 1181 PADDOCK ROAD, SMYRNA, DE. 19977

(24) NAME OF TWENTY-FOURTH DEFENDANT: MENTAL HEALTH UNIT AT D.C.C.

EMPLOYED AS MENTAL HEALTH STAFF AT DELAWARE CORRECTIONAL CENTER

ADDRESS: 1181 PADDOCK ROAD, SMYRNA, DE. 19977

(25) NAME OF TWENTY-FIFTH DEFENDANT: I.B.C.C. CLASSIFICATION BOARD MEMBERS

EMPLOYED AS CLASSIFICATION BOARD AT DELAWARE CORRECTIONAL CENTER

ADDRESS: 1181 PADDOCK ROAD, SMYRNA, DE. 19977

4.   ON TWO SEPARATE OCCASIONS, PLAINTIFF WROTE TO DEFENDANT TOM ZANDA, COUNSELOR AT D.C.C., BETWEEN THE MONTHS OF MAY AND JUNE, 2007, ABOUT BEING PLACED ON PROTECTIVE CUSTODY. DEFENDANT (ZANDA) NEITHER RESPONDED TO PLAINTIFF'S LETTER(S) NOR ACTED IN GOOD FAITH TO REMOVE PLAINTIFF FROM A POSING THREAT, CLEARLY VIOLATING PLAINTIFF'S RIGHT TO BE PROTECTED AND SAFE.

5.   DURING THE END OF JUNE, 2007, PLAINTIFF WAS SENT INTO A "PSYCHOLOGICAL FRENZY" WHEN INMATES BEGAN THREATENING AND HARRASSING HIM ABOUT TESTIFYING IN A MURDER TRIAL. PRISON AUTHORITIES ULTIMATELY HAD TO RESTRAIN PLAINTIFF AFTER "PEPPER SPRAYING" HIM AND USING PLAINTIFF'S HEAD AND FACE AS A "BATTERING RAM" BY RUNNING HIM HEAD FIRST INTO CONCRETE WALLS AND DOORS. PLAINTIFF WAS SHACKLED AND HANDCUFFED WHILE THE [UNNECESSARILY] EXCESSIVE FORCE WAS USED AGAINST HIM.

6.   IN THE MONTH OF JULY, 2007, PLAINTIFF WAS PLACED ON SUICIDE WATCH AFTER ATTEMPTING TO HANG HIMSELF WITH A BED SHEET.

7.   WHILE ON SUICIDE WATCH IN THE PRISON INFIRMARY, PLAINTIFF INFORMED DEFENDANT (MENTAL HEALTH) THAT HE WANTED TO BE PLACED ON PROTECTIVE CUSTODY BECAUSE HIS LIFE WAS IN SERIOUS DANGER. PLAINTIFF'S REQUEST WERE DENIED AND HE WAS RETURNED BACK TO SEGREGATION/ISOLATION.

AGAIN PLACING HIM IN HARMS WAY.

8.   SOON AFTER PLAINTIFF WAS SENT BACK TO SEGREGATION, ANOTHER
INCIDENT ENSUED WHERE HE QUICKLY BECAME PSYCHOLOGICALLY
DERANGED FROM THREATS AND HARRASSMENT TO A POINT WHERE
HE SMEARED FECES ALL OVER HIMSELF AND HIS CELL. PLAINTIFF WAS
RETURNED BACK TO THE PRISON INFIRMARY FOR A (SECOND) TIME
WHERE HE SPENT A "24 HOUR RESTRAINING PERIOD" IN HANDCUFFS
AND SHACKLES. AFTERWARDS, PLAINTIFF WAS SENT BACK TO SEG-
REGATION/ISOLATION.

9.   WHILE STILL IN THE MONTH OF JULY, 2007, PLAINTIFF WENT
BACK TO THE PRISON INFIRMARY ON SUICIDE WATCH FOR A
(THIRD) TIME AFTER HE THREATENED TO "KILL" HIMSELF. PLAINTIFF
INFORMED DEFENDANT (MENTAL HEALTH) AGAIN ABOUT THE CON-
STANT THREATS AND HARRASSMENT THAT CONTINUE TO DRIVE
HIS EMOTIONAL AND PSYCHOLOGICAL STATE BEYOND REASONABLE
NORM. PLAINTIFF MADE IT CLEAR THAT HE WANTS TO BE PLACED
ON PROTECTIVE CUSTODY. DEFENDANTS FAILED TO PROTECT PLAINTIFF
FROM HARMS WAY WHILE VIOLATING PLAINTIFF'S RIGHTS. PLAINTIFF
WAS EVENTUALLY SENT BACK TO SEGREGATION/ISOLATION.

10.   ON AUGUST 8, 2007 PLAINTIFF WROTE DEFENDANT(S)
THOMAS CARROLL (WARDEN), DAVID PIERCE (DEPUTY WARDEN),
MAJOR SCARBOROUGH, STAFF LT. HAWKINS, LT. SEACORD, LT.SAT-
TERFIELD, AND COUNSELOR TOM AIELLO, ALONG WITH PLAINTIFFS
MOTHER ABOUT BEING PLACED ON PROTECTIVE CUSTODY OR A

TRANSFER TO ANOTHER INSTITUTION, AND ALSO FILED FOR AN
INTER-STATE COMPACT TRANSFER WITH COUNSELOR TOM AIELLO.
ALL DEFENDANT(S) NOTED IN THIS PARAGRAPH ACTED DELIBERATELY
INDIFFERENT BY INTENTIONALLY IGNORING PLAINTIFF'S LETTER(S).
DEFENDANT(S) KNOWINGLY VIOLATED PLAINTIFF'S RIGHT'S AND
FAILED IN THEIR OBLIGATION TO RECTIFY HIS SAFETY CONCERNS
WHILE KEEPING PLAINTIFF IN IMMINENT DANGER OF HIMSELF
AND OTHER'S, ALL DEFENDANTS RECIEVED ADEQUATE NOTICE.

11. REPEATEDLY BETWEEN THE MONTHS OF AUGUST AND SEPTEMBER,
2007, PLAINTIFF KEPT IN CLOSE CONTACT WITH DEFENDANTS
(MENTAL HEALTH) ABOUT HIS EMOTIONAL AND PSYCHOLOGICAL STATE,
ALONG WITH HIS FEARS OF BEING ASSAULTED. PLAINTIFF ALSO POIN-
TED OUT TO MENTAL HEALTH THAT HE JAMS UP HIS CELL DOOR
WITH FOLDED NEWSPAPER AT NIGHT SO NO-ONE CAN ATTACK
HIM WHILE HE'S ASLEEP. PLAINTIFF INSISTED THAT MENTAL HEALTH
SHOULD INTERVENE ON HIS BEHALF BY TALKING TO PRISON
AUTHORITIES ABOUT PLACING HIM ON PROTECTIVE CUSTODY.

12. ON SEPTEMBER 23, 2007 PLAINTIFF WROTE TO DEFENDANT
STUART STUTHERS (MENTAL HEALTH DIRECTOR) ABOUT HIS
MENTAL AND EMOTIONAL WELL BEING ALONG WITH WHY HE
NEEDS TO BE PLACED IN A DIFFERENT FACILITY BECAUSE
HE TESTIFIED AGAINST AN INMATE AT THIS PRISON (D.C.C.) IN
A MURDER TRIAL. ALSO PLAINTIFF'S MOTHER CONTACTED DEFEN-
DANT (STUTHERS) AND VOICED HER CONCERN FOR PLAINTIFF'S

safety also. Said Defendant (Stuthers) violated Plaintiff's rights by keeping Plaintiff under severe mental and emotional anguish, and with-holding from Prison officials Plaintiff's plea's to be placed in Protective Custody.

13. Plaintiff was seen by Defendant Staff Lt. Hawkins during the Month of October, 2007, in a Lawyer/Client interview Room attended by Defendant(s) Correctional officer(s) C/O Pierce and C/O Pitts. Defendant (Hawkins) told Plaintiff she was looking into his claims on threats against his life (where an inmate in segregation slid the transcripts of a trial Plaintiff testified in under his cell door with a death threat). Plaintiff produced said (trial transcripts) after he was led back to his cell by Defendant(s) (Pierce) and (Pitts). Defendant(s) C/O Pierce and Pitts took trial transcripts back to Defendant (Hawkins) to have copies made and to validate Plaintiff's claims. Defendant (Staff Lt. Hawkins) was biased to Plaintiff's request for Protective custody. Defendant(s) C/O Pierce and Pitts returned Plaintiffs transcripts while acknowledging the seriousness of Plaintiff's concerns. An inmate a cell down from Plaintiff can witness the incident that took place.

14. On October 8, 2007, Plaintiff was seen by Defendant (Stuart Stuthers) Mental Health Director and asked

TO BE IMMEDIATELY PLACED ON PROTECTIVE CUSTODY DURING A "CELL FRONT" INTERVIEW. CORRECTIONAL OFFICER, ALSO A NAMED DEFENDANT (SGT. TRAVLES) INTERVENED INTO WHAT WAS SUPPOSE TO BE A PRIVATE CONVERSATION AND BEGAN IMPLYING THAT PRISON CONDITIONS ARE OVER-CROWDED, PREVENTING THE SAFETY OF PLAINTIFF'S LIFE.

15. ON OCTOBER 14, 2007 PLAINTIFF FILED (TWO) GRIEVANCES AGAINST DEFENDANT(S) CORRECTIONAL MEDICAL SERVICE (C.M.S) AND THE MENTAL HEALTH UNIT FOR NEGLIGENCE, VIOLATION OF PLAINTIFF'S PRIVACY AND PLAINTIFFS SAFETY AND MENTAL CONCERNS. GRIEVANCE PUT OUT AN OFFICIAL NOTICE THAT PLAINTIFF'S LIFE WAS IN DANGER OF SELF-HARM OR FROM OTHER'S.

16. DURING THE MONTH OF NOVEMBER, 2007, PLAINTIFF WROTE DEFENDANT LINDA KEMP (SR. COUNSELOR) IN AN ATTEMPT TO BE PUT ON PROTECTIVE CUSTODY. ALSO PLAINTIFF INFORMED DEFENDANT (LINDA KEMP) AND DEFENDANT (LT. SEACORD) ON SEVERAL OCCASSION'S DURING THIER "TIER ROUNDS" THAT HIS LIFE WAS IN DANGER AND TO CLASSIFY HIM TO ANOTHER PRISON OR PLACE HIM ON PROTECTIVE CUSTODY. BOTH DEFENDANT(S) KNOWINGLY AND INTENTIONALLY FAILED TO PROTECT PLAINTIFF'S SAFETY.

17. ON DECEMBER 6, 2007 PLAINTIFF WROTE A LETTER TO DEFENDANT(S) ATTORNEY GENERAL JOSEPH R. BIDEN III, DEPUTY

- 13 -

Attorney General (Paul Wallace), Commissioner (Carl Danberg), and forwarded copies of the same letter to Defendant(s) Warden (Elizabeth B. Burris), Deputy Warden (David Pierce), Mental Health Director (Stuart Struthers), Classification Chair Person (Evelyn Stevenson) and Sr. Counselor (Linda Kemp), Putting them all in thier individual capacities on official notice and explaining in full detail Plaintiff's concerns and also why it's prudent for his situation to be resolved before some thing occur's. Also Plaintiff informed Defendant(s) of the life threatening dangers his dilemma presents along with the violation of his constitutional right to be protected.

18. Plaintiff is also aware that the inmate he testified against is some-where in the vicinity that he is currently housed at.

19. On December 6, 2007 Plaintiff wrote to Defendant (Joe Richardson) Internal Affairs Investigator (I.A.) about his life threatening issues. Defendant (Richardson) never investigated the matter, impassively leaving Plaintiff's life at risk, violating Plaintiff's right's to be protected from harm.

20. Plaintiff wrote his sentencing Judge, Honorable Mary Miller Johnston, who (is not) being named as a Defendant, about his safety concerns on Dec. 6, 2007.

— 14 —

21.   ON DECEMBER 6, 2007, Plaintiff filed an Appeal on his classification to the (I.b.c.c. Classification board) members, who are also named as Defendant(s) along with Defendant warden Elizabeth B. burris Addressing both Defendants with existing facts regarding Plaintiff's very Grave concerns. Plaintiff Requested a Reversal of his classification with a Transfer to another facility (state or non-state). Defendant(s) Refusal to accommodate Plaintiff's Appeal has Resulted in a Direct Violation of Plaintiff's Right to be safe from Potentially Life Threatening scare's.

22.   ON DECEMBER 6, 2007, Plaintiff filed a Grievance against Delaware Correctional Center (D.c.c.). Plaintiff Reaffirmed his Position on the Protective custody issue and Transfer, while Putting all Prison officials on notice.

23.   ON DECEMBER 6, 2007, Plaintiff wrote to Defendant (Linda Kemp) Sr. Counselor at D.C.C., Expressing his fears for his safety as well as his need to be Transferred and Placed on Protective custody.

24.   ON DECEMBER 14, 2007, Plaintiff submitted a (Third) Grievance against Defendant(s) (Mental Health) and their Employer (Correctional Medical Services) for failure to Provide Adequate Mental Health care and for Disregarding Plaintiff's Mental Health concerns and overwhelming fears. Grievance Placed another official notice into effect.

## EXCESSIVE FORCE:

25. DURING THE MONTH OF JUNE, 2007, AS OUTLINED IN PARAGRAPH (5) OF PAGE (9), PLAINTIFF WAS RESTRAINED WITH THE USE OF [EXCESSIVE] PHYSICAL FORCE. PLAINTIFF SUFFERED INJURIES TO HIS HEAD AND FACE. PLAINTIFF RECIEVED OVER A DOZEN X-RAYS OF HIS FACE TO MAKE SURE HE DIDN'T SUFFER FROM ANY (FRACTURES) OR (BREAKS).

## DENIAL OF ADEQUATE MENTAL HEALTH CARE:

26. AS OUTLINED THROUGH-OUT PARAGRAPHS 1 THRU 24, DEFENDANT(S) CORRECTIONAL MEDICAL SERVICES (C.M.S.), MENTAL HEALTH UNIT, AND MENTAL HEALTH DIRECTOR STUART STUTHERS DEPRIVED PLAINTIFF OF ADEQUATE CARE AND TREATMENT, WHICH WAS NEGLECTED AT A "CRUCIAL" AND "OBVIOUS" STAGE IN PLAINTIFF'S LIFE. PLAINTIFF'S FAILED SUICIDE ATTEMPTS AND PSYCHIATRIC DISORDERS WAS A CLEAR INDICATION OF THE SERIOUSNESS INVOLVED. THIS IS A VIOLATION OF THE AGREEMENT SIGNED BETWEEN THE U.S. DEPARTMENT OF JUSTICE AND THE STATE OF DELAWARE.

## RETALIATION:

27. ON OCTOBER 14, 2007 AND DECEMBER 14, 2007 PLAINTIFF FILED GRIEVANCES, DEFENDANT(S) MENTAL HEALTH UNIT, MENTAL HEALTH DIRECTOR STUART STUTHERS AND CORRECTION

MEDICAL SERVICES (C.M.S.) RETALIATED AGAINST PLAINTIFF BY STOPPING HIS PSYCHIATRIC MEDICATIONS CAUSING HIM MUCH EMOTIONAL AND MENTAL PAIN. PLAINTIFF SUFFERS FROM DIFFERENT PSYCHIATRIC DISORDERS. PLAINTIFF HAS BEEN RECIEVING (PSYCH) MEDS FOR HIS DISORDER AT HOME AND IN PRISON. PLAINTIFF HAS A LONG HISTORY OF SUICIDAL/HOMICIDAL BEHAVIOR AND SEVERE DEPRESSION. THESE RETALIATIONS CAUSES PLAINTIFF TO "LOSE SANITY" AND PUTS HIS LIFE IN DANGER WHERE HE MIGHT HARM HIMSELF OR OTHERS. THIS IS A CLEAR VIOLATION OF THE AGREEMENT SIGNED BY THE U.S. DEPT. OF JUSTICE AND THE STATE OF DELAWARE.

## DELIBERATE INDIFFERENCE TOWARDS A [SERIOUS] SECURITY ISSUE:

28. FROM PARAGRAPHS 1 THRU 24 OF THIS COMPLAINT (PAGE 3, AND PAGE 9 THRU 15) EACH DEFENDANT IN THEIR OFFICIAL AND INDIVIDUAL CAPACIT(IES) ACTED DELIBERATELY INDIFFERENT TOWARDS PLAINTIFF'S PROTECTION AND SAFETY. AFTER RECIEVING ADEQUATE NOTICE OF PLAINTIFF'S SAFETY CONCERNS HE SHOULD HAVE BEEN PLACED ON PROTECTIVE CUSTODY FOLLOWING A TRANSFER TO ANOTHER FACILITY. PLAINTIFF TESTIFIED AGAINST ANOTHER PRISONER (LOCATED IN THE SAME FACILITY) IN A MURDER TRIAL. PRISONER WHOM PLAINTIFF TESTIFIED AGAINST HAS MADE IT CERTAIN THAT PLAINTIFF'S LIFE IS IN DANGER. SEE PARAGRAPHS (5) ON PAGE (9), (8) AND (9) ON PAGE (10).

THE DEFENDANT(S) PARTIAL AND PREJUDICE ACTION(S) INTENTION-
ALLY KEPT PLAINTIFF'S SAFETY IN JEOPARDY BY NOT PERFORMING
TO THIER CIVIL DUTY AND OBLIGATION TO PROTECT PLAINTIFF.
PLAINTIFF'S CONSTITUTIONAL RIGHTS ARE BEING VIOLATED.


DELIBERATE INDIFFERENCE TOWARDS A [SERIOUS] MEDICAL AND
MENTAL HEALTH ISSUE:

29.  FROM PARAGRAPHS (1 THRU 27) OF THIS COMPLAINT OF PAGE
3, AND 9 THRU 17, DEFENDANT(S) CORRECTIONAL MEDICAL
SERVICES (C.M.S.), MENTAL HEALTH UNIT COUNSELOR(S) AND
MENTAL HEALTH DIRECTOR STUART STUTHERS ALL AT D.C.C. HAVE
ACTED WITH DELIBERATE INDIFFERENCE WITH PLAINTIFF BY NEGLECT-
ING HIS [SERIOUS] MEDICAL AND MENTAL HEALTH NEEDS. DEFEN-
DANT(S) ARE AWARE THAT PLAINTIFF NEEDS TO BE KEPT SAFE
FROM HARM (OF SELF) AND (OTHERS), IF PROBLEMS LIKE HARRASS-
MENT AND THREATENING PRESENTS ITSELF, PLAINTIFF BECOMES
EXTREMLY STRESSED WHICH ONLY EXTENDS TO HIS PSYCHOLOGICAL
BREAK DOWNS [PLAINTIFF ASSERTS THAT HE FEARS TO "MOVE"
TO OTHER AREA'S OF THE BUILDING TO RECIEVE MEDICAL
OR DENTAL TREATMENT, DENYING PLAINTIFF ACCESS TO
THESE WANTED CARES.]

<u>CRUEL AND UNUSUAL PUNISHMENT</u>:

30. BY ALL DEFENDANT(S) REFUSAL TO PLACE PLAINTIFF ON PROTECTIVE CUSTODY OR ALTERNATIVELY TRANSFERRING HIM TO ANOTHER FACILITY AT ALL RELEVANT DATES AND TIMES AS STATED THROUGH-OUT THIS COMPLAINT, HAS PLACED ALL DEFENDANT(S) IN THEIR OFFICIAL AND INDIVIDU- UAL CAPACITY(IES) IN VIOLATION OF PLAINTIFF'S RIGHT TO BE PROTECTED FROM SELF AND OTHER(S). CRUEL AND UNUSUAL PUNISHMENT FALLS IN THE GUIDELINES OF (KEEPING PLAINTIFF IN LIFE THREATENING CONDITIONS AFTER NUMEROUS ATTEMPTS TO BE REMOVED.) PLAINTIFF IS SUPPOSED TO BE INCARCERATED FOR THE CRIME HE COMMITTED AND NOT TO BE PLACED IN POTENTIALLY LIFE THREATENING DANGERS. THESE CONDITIONS OF CRUEL AND UNUSUAL PUNISHMENT ARE OVERWHELMINGLY TERRI- FYING FOR PLAINTIFF CAUSING SUICIDE ATTEMPTS, PARA- NOIA, DEPRESSION AND MANY OTHER PSYCHOLOGICAL DISORDERS.

## Cause for Relief:

All (7) Claim(s) presented in paragraphs 1 thru 30 entitle Plaintiff to relief where all defendants have known and have made an intelligent choice to violate Plaintiff's constitutional rights at various times which is subject to civil action being taken and relief obtained.

## Relief Continued:

4. As to the excessive force claim, compensatory damages and punitive damages

5. As to the denial of adequate mental health care claim, compensatory and punitive damages with an injunction order for Plaintiff to be transferred to an outside mental institution for evaluation.

6. As to the retaliation claim, compensatory and punitive damages with an order restraining against further retaliation.

7. An order that the complaint can be amended where on the excessive force claim, Plaintiff doesn't know the names of the officer's.

8. As to the deliberate indifference claim towards a [serious] security violation, compensatory and punitive

DABDUT

DAMAGES, ALSO AN INJUNCTION ORDER IMMEDIATELY FOR PLAINTIFFS TRANSFER TO "PROTECTIVE CUSTODY" FOLLOWING A TRANSFER TO ANOTHER FACILITY STATE OR NON-STATE.

9. AS TO THE DELIBERATE INDIFFERENCE CLAIM TOWARDS A [SERIOUS] MEDICAL AND MENTAL HEALTH ISSUE, COMPENSATORY AND PUNITIVE DAMAGES AND A PSYCHOLOGICAL EVALUATION IN A PSYCHIATRIC HOSPITAL.

10. AS FOR THE CRUEL AND UNUSUAL PUNISHMENT CLAIM, COMPENSATORY AND PUNITIVE DAMAGES WITH A CEASE AND DESIST ORDER EFFECTIVE IMMEDIATELY.

11. ANY RELIEF THE COURT MAY DEEM APPROPRIATE NOW AND IN THE FUTURE OF PLAINTIFF.

LARRY WARNER
SBI # 231554   UNIT 17 C-L-10
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK RD.
SMYRNA DELAWARE 19977

08 - 29



CLERK of THE U.S. DISTRICT COURT for DELAWARE
844 KING ST.
LOT BOX 18
WILMINGTON, DE.
          19801



Attn: (2 of 2)